985 F.2d 560
 142 L.R.R.M. (BNA) 2704
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
NORMANDIE ON THE PARK, INC., Respondent.
 No. 92-6459.
 United States Court of Appeals, Sixth Circuit.
 Jan. 29, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, Senior District Judge.*
 
 
 2
 This cause was submitted upon the application of the National Labor Relations Board for summary entry of a judgment against Respondent, Normandie on the Park, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, enforcing its order dated February 26, 1992, in Case No. 7-CA-31981, and the Court having considered the same, it is hereby
 
 
 3
 ORDERED AND ADJUDGED by the Court that the Respondent, Normandie on the Park, Inc., Detroit, Michigan, its officers, agents, successors, and assigns shall:
 
 1. Cease and desist from
 
 4
 (a) Threatening to close its restaurant if employees continue to support the Union as their collective-bargaining representative.
 
 
 5
 (b) Unilaterally reducing the starting wage rates for new employees and changing the method by which employees are assigned to work stations.
 
 
 6
 (c) Unilaterally changing the past practice for scheduling full-time work by scheduling newly hired employees for more hours per week than it schedules for more senior employees.
 
 
 7
 (d) Unilaterally refusing to make contributions on behalf of its employees to the Health and Welfare Fund and Pension Fund pursuant to the collective-bargaining agreement.
 
 
 8
 (e) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act, or refusing to bargain in good faith with the Union.
 
 
 9
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 10
 (a) On request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the unit employees.
 
 
 11
 (b) Rescind, on the Union's request, the unilateral reductions in starting wage rates for new employees.
 
 
 12
 (c) Rescind, on the Union's request, the unilateral changes in the method of assigning employees to work stations and the past practice for scheduling full-time work.
 
 
 13
 (d) Make whole the unit employees for any loss of earnings and benefits suffered as a result of the Respondent's unilateral reductions and changes, in the manner set forth in the remedy section of the Board's Decision and Order.
 
 
 14
 (e) Make whole the unit employees by making delinquent fringe benefit contributions to the appropriate fringe benefit funds on behalf of the unit employees and by reimbursing them for any expenses ensuing from the Respondent's unlawful refusal to make such payments, in the manner set forth in the remedy section of the Board's Decision and Order
 
 
 15
 (f) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, trust fund statements, and all other documents or records necessary to analyze the amount of fringe benefit payments or union dues due under the terms of this Judgment.
 
 
 16
 (g) Post at its facility in Detroit, Michigan, copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7, after being signed by the Respondent's authorized representative, shall be posted by the Respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the Respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 17
 (h) Notify the Regional Director in writing within 20 days from the date of this Judgment what steps the Respondent has taken to comply.
 
 APPENDIX
 NOTICE TO EMPLOYEES
 
 18
 POSTED PURSUANT TO A JUDGMENT OF THE UNITED STATES COURT OF
 
 
 19
 APPEALS ENFORCING AN ORDER OF THE NATIONAL LABOR
 
 RELATIONS BOARD
 An Agency of the United States Government
 
 20
 The National Labor Relations Board has found that we violated the National Labor Relations Act and has ordered us to post and abide by this notice.
 
 
 21
 WE WILL NOT threaten to close the restaurant if employees continue to support the Union as their collective-bargaining representative.
 
 
 22
 WE WILL NOT unilaterally reduce the starting wage rates for new employees and change the method by which employees are assigned to work stations.
 
 
 23
 WE WILL NOT unilaterally change the past practice for scheduling full-time work by scheduling newly hired employees for more hours per week than we schedule for more senior employees.
 
 
 24
 WE WILL NOT unilaterally refuse to make contributions on behalf of our unit employees to the Health and Welfare Fund and Pension Fund pursuant to the collective-bargaining agreement.
 
 
 25
 WE WILL NOT in any like or related manner interfere with, restrain, or coerce employees in the exercise of the rights guaranteed them by Section 7 of the Act, or refuse to bargain in good faith with the Union.
 
 
 26
 WE WILL, on request, bargain in good faith with the Union as the exclusive collective-bargaining representative of our unit employees.
 
 
 27
 WE WILL rescind, on the Union's request, the unilateral reductions in starting wage rates for new employees.
 
 
 28
 WE WILL rescind, on the Union's request, the unilateral changes in the method of assigning employees to work stations and the past practice for scheduling full-time work.
 
 
 29
 WE WILL make whole our unit employees for any loss of earnings and benefits suffered as a result of our unilateral reductions and changes.
 
 
 30
 WE WILL make whole our unit employees by making delinquent fringe benefit contributions to the appropriate fringe benefit funds on behalf of the unit employees and by reimbursing them for any expenses ensuing from our unlawful refusal to make such payments.
 
 
 31
 /s/ NORMANDIE ON THE PARK, INC.
 
 
 32
 /s/ (Employer)
 
 Dated __________
 By __________ (Representative) (Title)
 
 33
 This is an official notice and must not be defaced by anyone.
 
 
 34
 This notice must remain posted for 60 consecutive days from the date of posting and must not be altered, defaced, or covered by any other material. Any questions concerning this notice or compliance with its provisions may be directed to the Board's Office, 477 Michigan Avenue, Room 300, Detroit, Michigan 48226-2569, Telephone 313-226-3219.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. Senior District Judge for the Eastern District of Michigan, sitting by designation